**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4174**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

         v.

RYAN CHRISTOPHER EADDY,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:10-cr-00604-TLW-1)

Submitted:  September 10, 2013        Decided:  October 21, 2013

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Eaddy appeals his conviction and 200-month prison sentence imposed following his guilty plea, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. § 846 (2006). Eaddy's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether the district court substantially complied with Fed. R. Crim. P. 11 in accepting Eaddy's guilty plea and whether Eaddy's sentence is reasonable. Eaddy, though given the opportunity to do so, has not filed a pro se supplemental brief. We affirm.

We first address Eaddy's guilty plea. Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). "In

2

reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Because Eaddy did not move to withdraw his guilty plea in the district court or raise any objections during the Rule 11 colloquy, the plea colloquy is reviewed for plain error. United States v. General, 278 F.3d 389, 393 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if the court determines that the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002) (holding that defendant must demonstrate that he would not have pled guilty but for the error).

Our review of the record reveals that the district court substantially complied with Rule 11. The district court properly ensured that Johnson's plea was knowing, voluntary, and supported by a sufficient factual basis. The district court

3

properly informed Eaddy of the maximum possible penalties he faced and of the advisory nature of the Sentencing Guidelines. Though the district court did not inform Eaddy of his right to be protected from compelled self-incrimination, Fed. R. Crim. P. 11(b)(1)(E), we conclude that this error did not affect Eaddy's substantial rights because there is no indication that, but for the error, Eaddy would not have pled guilty.

Next, we address the reasonableness of Eaddy's sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for significant procedural error, including failing to calculate (or improperly calculating) the advisory Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence. Gall, 552 U.S. at 51. When considering the substantive reasonableness of the sentence, we take into account the totality of the circumstances. United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States,

4

551 U.S. 338, 346–56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence). Upon review of the record, we conclude that the district court did not commit procedural error and gave sufficient reasons for Eaddy's within-Guidelines sentence. Moreover, Eaddy has not rebutted the presumption that his sentence is substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment and deny Eaddy's motion to remand. This Court requires that counsel inform Eaddy, in writing, of the right to petition the Supreme Court of the United States for further review. If Eaddy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Eaddy.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>